Mark Brnovich
Arizona Attorney General

Claudia Acosta Collings
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson AZ 85701-1315
(520) 638-2815 ♦ (520) 628-6050 (fax)
Claudia.Collings@azag.gov

Stephanie Elliott
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-8798 ♦ (602) 542-4085 (fax)
Stephanie.Elliott@azag.gov

Attorneys for Defendants-Appellees

# UNITED STATES COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| MACKENZIE BROWN,<br><br>　　Plaintiff-Appellant,<br><br>v.<br><br>STATE OF ARIZONA, et al.,<br><br>　　Defendants-Appellees. | No. 20-15568<br><br>District Court No.<br>CV17-03536-PHX-GMS<br>United States District Court for the District of Arizona<br><br>**RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF** |

　　Appellees oppose Appellant's Motion for Leave to File a Supplemental Brief because the relevant issues have already been briefed twice—in the initial briefing before this Court (ECF Nos. 8 and 15), and again in the Petition for Rehearing (ECF No. 45-1) and Response to the Petition (ECF No. 50). Indeed,

Appellant appealed the trial court's ruling granting summary judgment on the ground that Appellant had not offered any evidence that the University had exercised substantial control over the context in which she was abused by her boyfriend. (ECF 9-1 at 9-13.) Appellant's Request for additional briefing merely seeks a third opportunity to again argue her position which has already been thoroughly briefed by Appellant and amici.

While this Court has permitted supplemental briefing in other cases, the circumstances of those cases are different than the present case. In *Duncan v. Bonta*, 49 F.4th 1228 (9th Cir. 2022) (No. 19-55376), ECF No. 130, the basis for the request for supplemental briefing was to provide the panel with necessary updates to the arguments made in the panel briefs and to permit the parties to address, presumably new, issues raised by the panel majority opinion, "including about the correct standard of constitutional scrutiny" and "how intermediate scrutiny operates in the Second Amendment context." Moreover, the motion was unopposed. *Id*. In *Olean Wholesale Grocery Co-op v. Bumble Bee Foods LLC, et al.*, No. 19-56514 (Aug. 18, 2021), ECF No. 130, the request for supplemental briefing was based, in part, on a relevant Supreme Court decision that was issued after the panel briefing. The motion in that case was also based on the fact that the Court issued a *sua sponte* briefing order that was directed only at one issue raised on appeal, leaving other issues insufficiently briefed. *Id*. The other cases

Appellant cites are equally dissimilar or the reasoning is unknown. *See* Order, *Lorenzo-Lopez v. Garland*, 998 F.3d 851 (9th Cir. 2021) (No. 15-72406), ECF No. 100 (granting an <u>unopposed</u> motion for supplemental briefing); Order, *Torres v. Barr,* 976 F.3d 918 (9th Cir. 2020) (No. 13-70653), ECF No. 96 (granting a <u>joint</u> motion for supplemental briefing); Order, *Marinelarena v. Garland*, 6 F.4th 975 (9th Cir. 2021) (No. 14-72003), ECF No. 125 (granting a <u>joint</u> motion for supplemental briefing).[1]

Here, Appellant offers no reasoning why she should be permitted to brief issues that have been briefed several times already and will be the subject of oral argument. Appellees request that this Court deny the Motion. If the Court grants the motion, Appellees request the opportunity to respond to Appellant's supplemental brief rather than the parties filing simultaneous briefs.

Respectfully submitted this <u>27th</u> day of December, 2022.

        Mark Brnovich
        Arizona Attorney General

        /s/ Claudia Acosta Collings
        Claudia Acosta Collings
        Assistant Attorneys General
        Attorneys for Defendants-Appellees

---

[1] Appellant also cites *C.J.L.G. v. Barr*, 923 F.3d 622 (9th Cir. 2019) (No. 16-73801), ECF No. 113, however, the motions are unavailable, so the bases for the motion are unknown and the Order does not specify the Court's reason for granting the motion.

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 27, 2022.

      I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


By: \_\_s/ ec\_\_\_
10892236 — LMS17-0459//G201720685-1