No. 20-15568

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MACKENZIE BROWN,
*Plaintiff-Appellant*,

v.

STATE OF ARIZONA, *et al.*,
*Defendant-Appellees*.

On Appeal from the United States District Court
for the District of Arizona
Case No. 2:17-cv-03536-GMS
The Honorable G. Murray Snow

**REPLY IN SUPPORT OF APPELLANT'S MOTION FOR LEAVE
TO FILE A SUPPLEMENTAL BRIEF**

Defendant-Appellees say the Court should deny Mackenzie Brown's motion for supplemental briefing because "the relevant issues have already been briefed twice," including "in the initial briefing before this Court." ECF No. 76 at 1. That is hard to square with Defendant-Appellees' past statements. In earlier briefs, Defendant-Appellees repeatedly insisted that Mackenzie had *not* argued before the panel that the University of Arizona exercised substantial control over the context in which she was abused. *See, e.g.*, ECF No. 65 at 8-9 (opposing rehearing on basis that Mackenzie had not argued that the University exercised control over the context in which she was abused); ECF No. 50 at 7 (same); *see also* ECF No. 15 at 21, 25

(characterizing Mackenzie's position as "argu[ing] that the substantial-control element . . . applies not to the context of her off-campus assaults by Bradford but to the context of his prior conduct toward Student A that occurred on-campus"). And the panel-stage briefing makes clear that Defendant-Appellees were right the first time: the panel majority reached an issue Mackenzie had not pressed before it. *See, e.g.*, ECF No. 25 at 7-11; ECF No. 8 at 20; *see also* ECF No. 32-1 at 15-21 (panel majority noting that "Brown has not advanced this theory" and then rejecting it); *id.* at 41 (panel dissent describing Mackenzie's argument). There is no use for either side to dispute that plain fact.

In opposing this motion, then, all Defendant-Appellees are left with is their observation that this Court permits supplemental briefing at the en banc stage for different reasons in different cases. ECF No. 76 at 2-3. But there is a through line: supplemental briefs will be useful where the parties have not previously addressed key questions before the Court. *See, e.g.*, *id.* at 2 (describing Courts' grants of motions to permit parties to brief new issues). Indeed, as Defendant-Appellees note, this Court has recently granted a motion "to permit the parties to address[] presumably new[] issues raised by the panel majority opinion." *Id.* at 2 (citing *Duncan v. Bonta*, 49 F.4th 1228 (9th Cir. 2022) (No. 19-55376), ECF No. 130). That is exactly the basis on which Mackenzie moves for supplemental briefing here.

2

Plus, contrary to Defendant-Appellees' suggestion, the utility of supplemental briefing to the Court does not turn on whether the motion to file such briefing is opposed or not. It is up to the Court, not a party, to decide whether supplemental briefing will be useful in deciding the case en banc. *See, e.g.*, 9th Cir. R. 35-1 to R. 35-3 advisory committee note 3 (noting "*the judges on the panel* will decide whether there will be oral argument or additional briefing" (emphasis added)); Order, *Olean Wholesale Grocery Co-op v. Bumble Bee Foods LLC*, No. 19-56514 (Aug. 20, 2021), ECF No. 133 (granting in part *opposed* motion to file supplemental briefs on new issue).

In sum, Defendant-Appellees have identified no reason why this Court should not permit supplemental briefing about a new issue addressed by the panel. This Court should grant Mackenzie's motion and permit supplemental briefing of no more than 3,500 words.

Dated: January 3, 2023            Respectfully submitted,

*/s/ Alexandra Z. Brodsky*
Alexandra Z. Brodsky
Adele P. Kimmel
Mollie Berkowitz*
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
abrodsky@publicjustice.net

Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
jimdavy@allriselaw.org

Isabel M. Humphrey
HUNTER, HUMPHREY & YAVITZ PLC
2633 E. Indian School Road
Suite 440
Phoenix, AZ 85016
isabel@hhylaw.com

*Counsel for Plaintiff-Appellant*

*\* Admitted in New York. Practice in the District of Columbia supervised by D.C. bar members pursuant to D.C. App. R. 49(c)(8).*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 515 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman font.

Dated: January 3, 2023

/s/ *Alexandra Z. Brodsky*
Alexandra Z. Brodsky
*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 3, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished using the appellate CM/ECF system.

Dated:    January 3, 2023              */s/ Alexandra Z. Brodsky*
                                                             Alexandra Z. Brodsky
                                                             *Counsel for Plaintiff-Appellant*