**No. 20-15568**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

MACKENZIE BROWN,
*Plaintiff-Appellant,*

v.

STATE OF ARIZONA, *et al.*,
*Defendant-Appellees.*

On Appeal from the United States District Court
for the District of Arizona
Case No. 2:17-cv-03536-GMS
The Honorable G. Murray Snow

## APPELLANT'S OPPOSITION TO APPELLEES' MOTION
## FOR LEAVE TO FILE A RESPONSE TO AMICUS BRIEF

The Court should deny Appellees' motion for leave to file a response to the amicus brief of Paul Bender and other law professors.

After reciting the procedural history of this case, Appellees' motion offers only three bare sentences requesting leave to respond to the amicus brief. *See* ECF No. 85. That short paragraph cites no rule that authorizes such a brief, nor could it. Circuit Rule 29-2, which expands upon Federal Rule of Appellate Procedure 29 to discuss amicus briefs submitted during the pendency of rehearing, does not authorize such a response. *See* Cir. R. 29-2(e)(2). By like token, a separate response to amici is not authorized or contemplated at the panel stage. *See* Fed. R. App. P. 29(a).

Rather, the deadline for panel-stage amicus briefs ensures both sides can respond to contrary amici in the same brief they respond to the opposing party. *See* Fed. R. App. P. 29(a)(6); Fed. R. App. P. 31(a).

This Court has already granted Appellees leave to file a supplemental brief, due weeks after both the professors' amicus brief and Plaintiff-Appellant's forthcoming supplemental brief. *See* Order, ECF No. 83. Appellees should respond to amici's arguments there. That is not, as Appellees contend, "unfair." ECF No. 85. It's just how briefing works in this Court, and Appellees have not identified any special circumstances that would justify deviating from the ordinary course. What would be unfair is if Appellees were allowed an end-run around the word limit of their supplemental brief in the form of a separate response to amici.

In the alternative, since Appellees have already filed their response to the amicus brief on the Court's docket, ECF No. 84, Appellant suggests that this Court could grant Appellees' motion and treat the filed brief as Appellees' one authorized supplemental brief. That solution would limit the additional briefing for this Court and prevent Appellees from unfairly expanding their word count.

Dated:     January 24, 2023          Respectfully submitted,

*/s/ Alexandra Z. Brodsky*
Alexandra Z. Brodsky
Adele P. Kimmel
Mollie Berkowitz
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
abrodsky@publicjustice.net

Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
jimdavy@allriselaw.org

Isabel M. Humphrey
HUNTER, HUMPHREY & YAVITZ PLC
2633 E. Indian School Road
Suite 440
Phoenix, AZ 85016
isabel@hhylaw.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 314 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman font.

Dated:      January 24, 2023                          */s/ Alexandra Z. Brodsky*
                                                                      Alexandra Z. Brodsky
                                                                      *Counsel for Plaintiff-Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 24, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished using the appellate CM/ECF system.

Dated:      January 24, 2023                    */s/ Alexandra Z. Brodsky*
                                                Alexandra Z. Brodsky
                                                *Counsel for Plaintiff-Appellant*