Arizona Attorney General's Office

Claudia Acosta Collings
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson, AZ  85701-1315
(520) 638-2815 ♦ (520) 628-6050 (fax)
Claudia.Collings@azag.gov

Stephanie Elliott
2005 N. Central Avenue
Phoenix, AZ  85004-1592
(602) 542-8798 ♦ (602) 542-4085 (fax)
Stephanie.Elliott@azag.gov

Attorneys for Defendants-Appellees

# UNITED STATES COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| MACKENZIE BROWN,<br><br>　　　Plaintiff-Appellant,<br><br>v.<br><br>STATE OF ARIZONA, et al.,<br><br>　　　Defendants-Appellees. | No. 20-15568<br><br>United States District Court for the District of Arizona No. CV17-03536-PHX-GMS<br><br>**REPLY IN SUPPORT OF APPELLEES' MOTION FOR LEAVE TO FILE RESPONSE TO AMICI CURIAE BRIEF OF PROFESSOR PAUL BENDER, ET AL.** |

　　　Appellant argues that Appellee should not be granted leave to respond to the Professors' amicus brief, arguing that the rules "do not authorize" such a response, and that in the "ordinary course" of briefing, Appellee should be forced to integrate its response to amici's arguments into its response to her supplemental brief.  (ECF No. 86 at 2.)  She relies solely on inference: nothing in the rules' language supports

her position. Indeed, the language implies that the Court anticipates having responses to amicus briefs.

The appellate rules permit amicus curiae briefs at all stages of the appellate proceedings. *See* Fed. R. App. P. 29(a) ("During Initial Consideration of a Case on the Merits"); Fed. R. App. P. 29(b) ("During Consideration of Whether to Grant Rehearing"); 9th Cir. R. 29-2(a) ("An amicus curiae may be permitted to file a brief . . . when the Court has granted rehearing."). And while those rules do not specifically allow responses to amicus briefs, neither do they specifically prohibit responses.

Indeed, the way the rules are written indicates that responses may be allowed. If responses were forbidden, there would be no need to prohibit amici from filing replies, given that replies are filed to reply to responses. Yet, amici are explicitly prohibited from filing replies: "No reply brief of an amicus curiae will be permitted." 9th Cir. R. 29-1. Rule 29-1's very existence implies that the Court may allow parties to file responses to amicus briefs.[1] If the Court had intended to bar the parties from responding to amicus briefs, it could have enacted a rule so stating. The fact that there is no such rule negates Appellant's inference. The Court is clearly permitted to and indeed should grant Appellee's Motion.

---

[1] The same holds true for Federal Rule of Appellate Procedure 29(a)(7), which—if it applied in this Circuit—would require an amicus curiae to get the Court's permission to file a reply brief.

2

Furthermore, no rule requires parties to use their merits briefs to respond to arguments from amici, either during the panel stage or during pendency of rehearing. It is noteworthy that supplemental briefing on the merits after en banc rehearing has been granted is neither automatic nor specifically authorized by the rules. Instead, it lies purely at the Court's discretion, according to an advisory committee note: "After the en banc court is chosen, the judges on the panel decide whether there will be . . . additional briefing." (Circuit Advisory Comm. Note to Rules 35-1 to 35-3.). If the Court can order supplemental briefing at its discretion, then it can certainly permit supplemental briefing in the form of a response to an amicus brief.

It was Appellant who requested supplemental briefing on the merits. (ECF No. 69.) The Court granted the Motion and also granted Appellee "leave to file *a response*" to Appellant's supplemental brief. (ECF No. 83 at 1 (emphasis added).) Appellee's request to respond to the Professors' brief is not an attempted end-run around the word limit for its response to Appellee's supplemental brief. Any suggestion to the contrary is unreasonable. The Appellee's lodged response to the Professors' arguments addresses their arguments. It does not respond to Appellee's supplemental arguments for the very obvious reason that Appellee does not yet even know what Appellant will argue in her supplemental brief. She will presumably raise different arguments; if she does not raise different arguments,

3

then the Professors' brief would not serve the general purpose behind amicus briefs: bringing a *different* perspective to the Court's attention. *Cf.* Sup. Ct. R. 37(1) ("An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored."). If the Professors' brief turns out to be little more than a harbinger of Appellant's supplemental brief, then it would not serve that purpose and the Court should consider striking it.

The order allowing the Professors to file their brief apparently evidences the Court's belief that their argument could help the Court resolve the issues presented here. That being so, it is difficult to conceive why the Court would preclude the Appellee from pointing out the shortcomings in the Professors' position.

Appellee should therefore be allowed to respond separately to the arguments made by both amici and Appellant. The idea that Appellee should substitute its response to the Professors' amicus brief for its supplemental brief—which is intended as a response to Appellant's new arguments that have yet to be made—is unreasonable. Appellant's argument amounts to little more than an attempt to gain an advantage by preventing Appellee from having an adequate opportunity to respond to all arguments that have been mustered against it. The Court should reject Appellant's argument.

Appellee respectfully requests that this Court grant its Motion and file its response to the Professors' amicus brief. If the Court is instead inclined to limit Appellee to one brief—responding to both Appellant's supplemental brief and the Professors' amicus brief—Appellee will respectfully withdraw its response brief lodged at ECF No. 84.

Respectfully submitted this 30th day of January, 2023.

                                            Arizona Attorney General's Office

                                            /s/ Claudia Acosta Collings
                                            Claudia Acosta Collings
                                            Stephanie Elliott
                                            Assistant Attorneys General
                                            Attorneys for Defendants-Appellees

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 30, 2023.

      I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


By: <u>  s/ cac  </u>
<u>10987773</u> — <u>LMS17-0459//G201720685-1</u>