IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

No. 20-15568

MACKENZIE BROWN,

Plaintiff-Appellant

v.

STATE OF ARIZONA, *et al.*,

Defendants-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

_____

MOTION OF THE UNITED STATES
TO PARTICIPATE IN ORAL ARGUMENT AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF-APPELLANT

_____

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), the United States respectfully seeks permission to participate in oral argument of this appeal before the en banc court. In support of this motion, the United States provides as follows:

1. On January 25, 2022, a divided panel of this Court issued an opinion affirming the district court's grant of summary judgment in favor of defendants-appellees.

2. On March 25, 2022, plaintiff-appellant petitioned for panel rehearing or rehearing en banc. After defendants-appellees responded to the petition on April 20, 2022, the panel invited the Government to file a brief as *amicus curiae* addressing whether the case should be reheard en banc.

3. On August 8, 2022, the United States filed an amicus brief in support of plaintiff-appellant, urging the Court to grant the petition for rehearing en banc and reverse the district court's judgment.

4. On December 9, 2022, the Court ordered that the case be reheard en banc. Oral argument before the en banc court is scheduled for March 21, 2023.

5. The United States has a substantial interest in this appeal, which concerns the proper application of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.*, and the circumstances when a school receiving federal funds may be held liable for damages under the statute if it responds with deliberate indifference to known acts of student-on-student sexual harassment. The Department of Justice coordinates the implementation and enforcement of Title IX's nondiscrimination provisions across federal executive agencies, see Exec. Order No. 12,250, 3 C.F.R. 298 (1980 comp.), and it enforces Title IX against recipients of funding from the Department. The Department of Education also oversees its funding recipients' compliance with Title IX. And both agencies have issued regulations

implementing Title IX.  See 28 C.F.R. 54 (Dep't of Justice); 34 C.F.R. 106 (Dep't of Education).

6. Because of the federal government's strong interest in the proper application of Title IX, the United States filed a brief as *amicus curiae* in support of plaintiff-appellant when the Court was considering whether to rehear the case en banc.  Now that the case is set to be reheard, and given this same interest, the United States requests leave to participate in the oral argument of this appeal and believes that its participation will be helpful to the Court.

7. Counsel for plaintiff-appellant consents to the United States' participation at oral argument.  Counsel has agreed to cede twelve (12) minutes of her oral argument time to the United States if this motion is granted.  Therefore, the United States' participation at oral argument will not affect the overall time allotted for this case.

8. Counsel for the United States contacted counsel for defendants-appellees regarding this motion, and they stated that defendants-appellees oppose the United States' request.

WHEREFORE, the United States respectfully requests leave to participate in the oral argument of this appeal before the en banc court.

Respectfully submitted,

KRISTEN CLARKE
  Assistant Attorney General

s/ Jason Lee
NICOLAS Y. RILEY
JASON LEE
  Attorneys
  U.S. Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 598-1317

## CERTIFICATE OF COMPLIANCE

I certify that the attached MOTION OF THE UNITED STATES TO PARTICIPATE IN ORAL ARGUMENT AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF-APPELLANT

(1) complies with the type-volume limitation imposed by Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f), contains 484 words; and

(2) complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it meets the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) by using a proportionally spaced typeface (14-point Times New Roman font) in Word 2019.

s/ Jason Lee  
JASON LEE  
Attorney

Date: February 21, 2023