Arizona Attorney General's Office

Claudia Acosta Collings
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson, AZ 85701-1315
(520) 638-2815
Claudia.Collings@azag.gov

Stephanie Elliott
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-8798
Stephanie.Elliott@azag.gov

Attorneys for Defendants-Appellees

# UNITED STATES COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| MACKENZIE BROWN,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>STATE OF ARIZONA, et al.,<br><br>    Defendants-Appellees. | No. 20-15568<br><br>United States District Court for the District of Arizona No. CV17-03536-PHX-GMS<br><br>**RESPONSE TO DEPARTMENT OF EDUCATION'S MOTION TO PARTICIPATE IN ORAL ARGUMENT** |

    The Court should deny the United States Department of Education's Motion to Participate in Oral Argument as Amicus Curiae in Support of Plaintiff-Appellant (ECF No. 97). In support of their opposition, the Appellees provide the following:

    1.    This Court invited the United States Department of Education to submit an amicus curiae brief setting forth its views on the control-over-context

requirement set forth in *Davis ex rel. LaShonda D. v. Monroe County Board of Education*, 526 U.S. 629, 645 (1999), as applied to the facts of this case as viewed at summary judgment and on whether this case should be reheard en banc. (ECF No. 51.)

2. The Department filed its amicus brief in support of Brown on August 8, 2022, urging the Court to grant rehearing en banc. (ECF No. 58.)

3. The Department argued that a school's disciplinary authority over a harasser's conduct can provide sufficient evidence of substantial control over context. (ECF No. 58 at 8-19.)

4. Brown did not timely raise this argument. The first time this theory appeared was in the dissenting opinion—after original briefing and oral argument had been completed. *Brown v. Arizona*, 23 F.4th 1173, 1181 (9th Cir. 2022), *vacated*, 56 F.4th 1169 (9th Cir. 2022) (majority); *id.* at 1191 (Fletcher, J., dissenting).

5. It was only after the dissent raised the argument that Brown adopted it, arguing for the first time in her Petition for Rehearing that a school's disciplinary authority over the harasser can be sufficient to satisfy the separate element: control over the context. (ECF No. 45-1.) She then repeated the argument in her Supplemental Brief (ECF No. 88), citing both her Petition for Rehearing En Banc and the Department's Amicus Brief.

6. The Department's argument would not materially assist the Court. The "Supreme Court in *Davis*, not Congress [or the Department of Education] articulated the deliberate-indifference standard" and set forth the elements to establish Title IX liability for student-on-student harassment. *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1108 (9th Cir. 2020).

7. Additionally, the Department's reference to its regulations in its Amicus Brief has no bearing here. First, the 2020 regulations became effective on August 14, 2020, and are not applied retroactively. 85 Fed. Reg. 30,206 (May 19, 2020). And the rulemaking process is still underway for the 2022 proposed regulations obligating a school to address conduct that occurs under the school's disciplinary authority; they are not yet in effect. 87 Fed. Reg. 41,390 (July 12, 2022). If the Department wishes to advocate its recently adopted position, it would be more appropriate in a case to which its regulations might actually apply.

8. Moreover, the Court should not consider any argument by the Department related to regulations enacted *after* the 2016 incident at issue here because Brown has never made any such argument. *Cf. United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61 n.2 (1981) (declining to consider arguments raised by amicus that were not raised by either parties); *Bell v. Wolfish*, 441 U.S. 520, 532, n.13 (1979) (same).

9. Indeed, the Court may not consider *any* argument—like the Department's—asserting that control over the harasser can establish control over the context. Because Brown did not timely raise this argument,[1] the dissent was wrong to raise it and it would be improper for the Court to use the Department to inject it into the case, as the Supreme Court pointedly held in *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020).

10. In sum, the Department is pursuing an argument that is not properly before this Court. Allowing it to participate in oral argument would be a further distraction from the only issue that is legitimately before the Court: the panel's unanimous rejection of Brown's argument that she did not have to establish the University's control over the context in which *her* harassment occurred but could succeed simply by establishing its control over the context of Bradford's harassment of *other women before her*. The Department has not shown that it has anything to offer on that topic.

The Court should therefore deny the Department of Education's Motion to Participate in Oral Argument.

---

[1] Indeed, as the majority noted, Brown "expressly disclaimed it." *Brown*, 23 F.4th at 1181.

Respectfully submitted this 2nd day of March, 2023.

>Arizona Attorney General's Office
>
>/s/ Claudia Acosta Collings
>Claudia Acosta Collings
>Stephanie Elliott
>Assistant Attorneys General
>Attorneys for Defendants-Appellees

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 2, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: s/S. Franz
11055991 — LMS17-0459//G201720685-1