

**KRIS MAYES**
**ATTORNEY GENERAL**

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
**STATE GOVERNMENT DIVISION**
**VANESSA P. HICKMAN, DIVISION CHIEF COUNSEL**
**LIABILITY MANAGEMENT SECTION**

**Claudia Acosta Collings**
Assistant Attorney General
520-638-2800
claudia.collings@azag.gov

March 17, 2023

Molly C. Dwyer, Clerk
United States Court of Appeals
125 S. Grand Ave
Pasadena, CA 91105

**Re:  Brown v. State of Arizona, No. 20-15568;**
**Rule 28(j) Supplemental Citation of Legal Authority**
• Argument scheduled March 21, 2023, before Chief Judge Murguia & Circuit Judges W. Fletcher, Rawlinson, M. Smith, Jr., Nguyen, Watford, Owens, R. Nelson, Lee, Koh, & Sung

Dear Ms Dwyer:

This letter cites supplemental authority supporting Appellees' argument that the Court may not properly consider the argument Appellant did not timely raise.

In *Umana-Escobar v. Garland*, No. 19-70964 (9th Cir. Mar. 17, 2023) (Bennett, Friedland, and Watford, JJ), the panel refused to consider an argument the appellant did not raise below:

> Before the BIA, Umana-Escobar argued that it should terminate the proceedings because the NTA omitted required information and thus deprived the IJ of jurisdiction. On appeal, however, he presents a different justification for his argument that his NTA did not include all of the required information. He now argues that the BIA should have terminated his proceedings because the defective NTA amounted to a claim-processing violation. But Umana-Escobar failed to exhaust this alleged claim-processing violation, and thus we lack jurisdiction to consider it.
>
> . . . .

Molly C. Dwyer
March 17, 2023
Page 2 of 2

> Umana-Escobar's counseled BIA brief raised the defects in the NTA but made only a jurisdictional argument based on such defects, arguing exclusively that an NTA that lacks either the time or place of a removal proceeding cannot vest an immigration court with jurisdiction. Umana-Escobar also told the BIA that it did not have to consider whether his claim had been waived because "jurisdiction cannot be waived." It is therefore clear that Umana-Escobar's NTA argument sounded exclusively in jurisdiction and that the BIA thus had no reason to consider whether the NTA's defects could constitute some other type of violation which might be subject to waiver, such as a claim-processing violation. . . . As Umana-Escobar failed to give the BIA sufficient notice of the alleged claim-processing violation, we dismiss this portion of the petition for lack of jurisdiction.

(Slip op. at 11-12.) Here, Brown gave the district court and Appellees *no* notice of the argument she now raises.

Umana-Escobar's failure to timely raise the issue was jurisdictional, but the same appellate principle applies here: Arguments not timely raised are forfeited.

                                      Sincerely,

                                      /s/ Claudia Acosta Collings
                                      Claudia Acosta Collings
                                      Assistant Attorney General

cc:    All appearing counsel (via ECF)

11108237.1/ LMS17-0459 –G201720685-1