

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
**STATE GOVERNMENT DIVISION**
**VANESSA P. HICKMAN, DIVISION CHIEF COUNSEL**
**LIABILITY MANAGEMENT SECTION**

**Stephanie Elliott**
Assistant Attorney General
602-542-7699
Stephanie.Elliott@azag.gov

August 1, 2023

<u>**Via E-Filing**</u>

Molly C. Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re: ***Brown v. State of Arizona***, No. 20-15568
           Rule 28(j) Supplemental Citation of Legal Authority

Dear Ms Dwyer:

    This letter cites supplemental authority supporting Appellees' argument that the Court is limited to the arguments presented by the parties below and may not raise *sua sponte* new claims for relief. (9th Cir. Dkt. 92 at 6-8.)

    In *Jones v. L.A. Central Plaza LLC*, 2023 WL 4754544 at *2-3 (9th Cir. July 26, 2023), the Court vacated the district court's order dismissing the action because it had sua sponte examined the adequacy of the complaint's standing allegations rather than considering the factual evidence to support standing presented at summary judgment. The Court explained that

> [i]n our adversary system, it is generally up to the parties to decide, within the parameters of the applicable procedural rules, what particular relief they wish to seek, what type of motion they wish to present to obtain that relief, and which arguments they wish to make in support. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579, 1581–82 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243–44 (2008).

*Jones*, 2023 WL 4754544 at *3 (parallel citations omitted). The Court further noted the following:

Molly C. Dwyer
July 31, 2023
Page 2 of 2

> In short, when the parties have briefed and argued summary judgment, . . . judicial efficiency [is] best served by dealing directly with those arguments rather than avoiding them. In the ordinary case, there is no justification for allowing a district court to travel back in time and train the lens of its inquiry on the bare allegations of the complaint while disregarding the compiled factual record upon which a summary judgment movant has elected to rely.

*Id.* at *5 (ellipses and brackets in original) (citation and internal quotation marks omitted).

Although Article III standing is not an issue in this case, *Jones* confirms that a court should consider only arguments that the parties have raised in summary-judgment papers rather than sua sponte raising arguments for one party's benefit and disposing of a case in an unjustifiable manner.

                              Sincerely,

                              /s/ Stephanie Elliott
                              Stephanie Elliott
                              Assistant Attorney General

cc:    All appearing counsel (via ECF)

11415419/ LMS17-0459 – G201720685-1