Kristin K. Mayes
Arizona Attorney General

Claudia Acosta Collings
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson, AZ 85701-1315
(520) 638-2815
Claudia.Collings@azag.gov

Stephanie Elliott
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-8798
Stephanie.Elliott@azag.gov

Attorneys for Defendants-Appellees

# UNITED STATES COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| MACKENZIE BROWN, | No. 20-15568 |
| Plaintiff-Appellant, | United States District Court for the District of Arizona No. CV17-03536-PHX-GMS |
| v. | **DEFENDANTS-APPELLEES MOTION FOR STAY OF MANDATE** |
| STATE OF ARIZONA, et al., | **Before Chief Judge Murguia and Judges Fletcher, Rawlinson, M. Smith, Nguyen, Owens, Friedland, R. Nelson, Lee, Koh, and Sung** |
| Defendants-Appellees. | |

Defendants-Appellees respectfully request that this Court stay the mandate for sufficient time to allow them to seek certiorari in the Supreme Court. This Court issued its en banc Opinion on September 25, 2023 (corrected on October 2),

so the deadline for a petition for certiorari is currently December 26, 2023. The Appellees' planned petition for certiorari would present two substantial questions and would not be frivolous or made only for the purpose of delay. *See* 9th Cir. R. 41-1, Circuit Advisory Committee Note.

The first question concerns the en banc Opinion's operative holding concerning Title IX which provides as follows: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To establish Title IX liability for student-on-student harassment, a plaintiff must prove, among other things, that the school "exercises substantial control over *both* the harasser *and the context in which the known harassment occurred*." *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ*., 526 U.S. 629, 645 (1999)). The en banc majority holds that control over the context can be demonstrated by a "heightened level of control and disciplinary power" over the harasser. (slip op. at 34.)

The anticipated certiorari petition will challenge that holding. That this presents a substantial legal question is demonstrated by the fact that it creates a circuit split. *See, e.g,*, *Roe v. St. Louis University*, 746 F.3d 874, 884 (8th Cir. 2014) (adhering to *Davis* and holding that no control existed over a party at a private residence while rejecting amicus argument that disciplinary control alone

2

was sufficient); *cf. Foster v. Bd. of Regents of Univ. of Mich.*, 982 F.3d 960, 970-71 (6th Cir. 2020) (contrasting off-campus misconduct in milieus not subject to the university's control with misconduct that "[i]t could and did control," such as "classes, social events, ceremonies"). The dissenting opinions also demonstrate that this is a substantial issue. *See, e.g.*, slip op. at 46 (Rawlinson, J., dissenting) ("[T]he circumstances of this case do not fall within the parameters of Title IX as enacted and as interpreted by the United States Supreme Court . . . ."); *id.* at 65 (R. Nelson, J., dissenting) ("But the majority gets the merits wrong as well."); *id.* at 90 (Lee, J., dissenting) ("Simply put, a criminal act by a student in an off-campus house does not implicate an 'education program or activity' under Title IX.").

The second question concerns the propriety of the en banc court's decision to take up the operative issue in the first place, given that Brown did not timely raise the argument—either below or before the panel that originally decided this case—but instead actively and specifically *disclaimed*. *See slip op.* at 67-69 (R. Nelson, dissenting). She did not make the argument until after the panel's dissenting judge advocated it for her in his separate opinion.

With the Supreme Court having recently and unanimously rebuked this Court for doing much the same thing (and reversing the resulting opinion), *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020), this Court's decision to take up the waived and forfeited argument clearly presents a substantial issue. Judge

3

Nelson's dissenting opinion further bolsters the conclusion that this presents a substantial issue. Slip op. at 65-66, 67-76 (R. Nelson, J., dissenting).

There is good cause to stay the mandate. This case is important, not only for the State and the University of Arizona, but for all educational institutions covered by the opinion. Educational institutions in this circuit—whether a K-8 schools, high schools, colleges, or universities—now face the prospect of Title IX liability for harassment even when no program or activity of the institution is involved *merely* because they have some heightened level of disciplinary power over the harasser. This is a revolutionary departure from *Davis* and Title IX, one that the Supreme Court should be given the opportunity to address.

Good cause also exists because allowing the mandate issue may undermine the Appellees' ability to seek appropriate relief in the Supreme Court while at the same time preparing for trial. Defendants-Appellees will face significant hardship if required to prepare pretrial filings such as motions in limine, voir dire, a joint proposed pretrial order, compiling exhibits, and preparing witnesses for trial while at the same time synthesizing the issues and arguments, seeking amicus support, and drafting an adequate petition for certiorari to the Supreme Court.

Furthermore, the en banc opinion has now introduced a brand new issue into the suit, which may require additional discovery. *Cf.* slip op. at 46 (Friedland, concurring) (recognizing that the majority opinion raises previously unexplored

issues and opining that the district court should reopen discovery); *id.* at 65 (R. Nelson, dissenting) ("Indeed, the University is now forced to proceed to trial on a legal theory that was not the subject of discovery or pursued below."); *id.* at 74 (R. Nelson, dissenting) ("Indeed, the University suffers prejudice here, having been unable to develop facts geared toward the majority's theory. Discovery has concluded. On remand, the case will likely proceed to trial on a legal question that Brown affirmatively abandoned. The parties have not had the opportunity for proper discovery to address these claims."). Neither the parties nor the district court should be forced to shoulder this additional burden until the Supreme Court has an opportunity to determine whether to endorse or reject this Court's holding.

Given the above, it is clear that a petition for certiorari would neither be frivolous nor filed for purposes of delay.

The Appellees therefore respectfully request the Court to stay the mandate for sufficient time to allow them to seek certiorari from the Supreme Court.

Respectfully submitted this 10th day of October, 2023.

                                        Arizona Attorney General's Office

                                        /s/ Claudia Acosta Collings
                                        Claudia Acosta Collings
                                        Stephanie Elliott
                                        Assistant Attorneys General
                                        Attorneys for Defendants-Appellees

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 10, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


By: _s/S. Franz_
11584381.3— LMS17-0459//G201720685-1