No. 20-15568

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MACKENZIE BROWN,
*Plaintiff-Appellant*,

v.

STATE OF ARIZONA, *et al.*,
*Defendant-Appellees*.

On Appeal from the United States District Court
for the District of Arizona
Case No. 2:17-cv-03536-GMS
The Honorable G. Murray Snow

Before Chief Judge Murguia and Judges Fletcher, Rawlinson, M. Smith, Nguyen, Owens, Friedland, R. Nelson, Lee, Koh, and Sung

# APPELLANT'S OPPOSITION TO APPELLEES'
# MOTION TO STAY THE MANDATE

On October 10, 2023, the Appellees ("the University") asked this Court to stay the mandate in this case pending disposition of a petition for certiorari the University plans to file with the U.S. Supreme Court. *See* ECF No. 109. This Court does not grant such motions "as a matter of course." 9th Cir. R. 41-1. Instead, to warrant a stay, there "must be a reasonable probability that four Members of the [Supreme] Court would consider the underlying issue sufficiently meritorious for the grant of certiorari . . . ; there must be a significant possibility of reversal of the lower court's

decision; and there must be a likelihood that irreparable harm will result if that decision is not stayed." *Barefoot v. Estelle*, 463 U.S. 880, 895-96 (1983) (quoting *White v. Florida*, 458 U.S. 1301, 1302 (1982) (Powell, J., in chambers); *see Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (citing *Netherland v. Tuggle*, 515 U.S. 951, 952 (1995) (per curiam) (vacating stay of mandate pending cert because the appeals court did not "undertake the three-part inquiry required by" *Barefoot*)); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379, 1380 (Fed. Cir. 2020); *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007). Because the University has not and cannot satisfy any of these necessary conditions, let alone all of them, the Court should deny its motion.

## I. The Supreme Court is Not Likely to Grant Cert

1. There is no reasonable probability that the Supreme Court will grant cert to review this Court's decision on the merits. Most importantly, there is no circuit split. *See* Supr. Ct. R. 10(a). Neither of the cases the University cites conflict with this Court's ruling.

The Eighth Circuit expressly limited its ruling on "control over context" to the facts of the case before it in *Roe v. St. Louis University*, 746 F.3d 874 (8th Cir. 2014). There, a St. Louis University student was sexually assaulted by a classmate outside some other students' off-campus apartment. *Id.* at 878-79. She sued, claiming that her school failed to respond appropriately to the rape after the fact. *Id.* at

880. On appeal, amicus contended "that universities may control certain off campus behavior due to the nature of the relationship between students and the institution." *Id.* at 884. But the Eighth Circuit held, in a single sentence, that "*[o]n the facts of this case* there was no evidence that the University had control over the student conduct at the off campus party." *Id.* (emphasis added). In doing so, the Eighth Circuit did not adopt any rule contrary to this Court's: It did not hold a school could never be liable for causing off-campus harassment and it did not hold a school's disciplinary policies are irrelevant to its control over the context of harassment. And the facts of the two cases are different enough that the result in *Roe* may have been the same under Ninth Circuit precedent.

As the University acknowledges with its "cf." cite, *Foster v. Board of Regents of University of Michigan*, 982 F.3d 960 (6th Cir. 2020), is even less helpful in trying to gin up a split. *Foster* did not distinguish between control over context and control over the harasser. *See id.* at 970. Instead, in conducting its deliberate indifference analysis, the Sixth Circuit noted that the University of Michigan "could . . . control the harasser's physical presence at classes, social events, ceremonies, and the like," but had less control over "off-site graduate programs conducted at a hotel, over 2,000 miles from a campus, for mid-career executives with an average age of 40." *Id*. And the Sixth Circuit noted that its observation about comparative levels of control "does not mean Title IX fails to protect forty-year-old 'free adults' learning in an off-site

3

graduate school; it just means the deliberate-indifference inquiry operates differently than it does for elementary-age 'schoolchildren' over whom grade schools possess a unique degree of 'supervision and control.'" *Id.* (quoting *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 646 (1999)). Nothing from the Sixth Circuit's reasoning conflicts with this Court's analysis of Appellant Mackenzie Brown's case. If anything, *Foster* aligns with this Court's recognition that sometimes schools may be liable for their deliberate indifference to off-campus harassment, and that the control inquiry is "fact-specific." *Brown v. Arizona*, No. 20-15568, 2023 WL 6207762, at *11 (9th Cir. Sept. 25, 2023).

  2. There is also no reasonable probability that the Supreme Court would grant cert to address "the propriety of the en banc court's decision to take up the operative issue," which, the University says, Mackenzie "did not timely raise." ECF No. 109 at 3. "The Supreme Court has . . . held that appellate courts are not obligated to treat issues raised for the first time on appeal as absolutely waived. And the Supreme Court has not deemed an issue waived when it was first raised in a petition for rehearing *en banc* before a circuit court." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1160 (9th Cir. 2014) (en banc) (citing *Granberry v. Greer*, 481 U.S. 129, 133-35 (1987) and *United States v. Jimenez Recio*, 537 U.S. 270, 273-77 (2003)). Unsurprisingly, then, the University points to no circuit split.

Instead, it cites *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020). But, as this Court has explained, that case is inapposite. *See Brown*, 2023 WL 6207762, at *9. There, after the parties briefed an appeal, a "three-judge panel . . . ordered further briefing from three non-party organizations on an issue that had never been raised by" the appellant. *Id.* (citing *Sineneng-Smith*, 140 S. Ct. at 1580-81). The appellant never briefed the issue herself, merely "adopt[ing] without elaboration" the arguments the organizations made at the panel's invitation. *Sineneng-Smith*, 140 S. Ct. at 1581. By contrast, in this case, the "en banc panel has neither turned over the appeal to non-parties, nor 'radical[ly] transform[ed]' the case by raising a new issue." *Brown*, 2023 WL 6207762 at *9 (citing *Sineneng-Smith*, 140 S. Ct. at 1581-82). Rather, it has addressed an "alternative argument" raised and briefed by Mackenzie "to support what has been [her] consistent claim from the beginning." *Id.* (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)). Because "the parties themselves have 'frame[d] the issue for decision'" the "party-presentation principle is not implicated." *Lee v. Fisher*, 70 F.4th 1129, 1154 (9th Cir. 2023) (en banc). *Sineneng-Smith*, then, provides no reason to think the Supreme Court will be interested in this case.

## II.   The Supreme Court Is Not Likely to Reverse

1. In the highly unlikely event the Supreme Court granted cert on the substantive legal question, there would be no significant possibility of reversal. As eight of

5

eleven judges on this en banc panel have already decided, the law is on Mackenzie's side. And the supermajority's view is consistent with that of other federal appeals courts, including one that a current Supreme Court justice joined. *Brown*, 2023 WL 6207762, at *11 (discussing *Simpson v. University of Colorado Boulder*, 500 F.3d 1170 (10th Cir. 2007) (Hartz, McKay & Gorsuch, JJ.) and *Feminist Majority Found. v. Hurley*, 911 F.3d 674 (4th Cir. 2018)).

     2. The Supreme Court is also unlikely to reverse this Court on the basis that it should not have reached the substantive issue. As explained above, the Supreme Court has already made clear that appellate courts may address issues raised by the parties for the first time in en banc proceedings. *See supra* p. 4.

     That opportunity is particularly important in a case like his one: A "majority of the three-judge panel addressed th[e] theory [in question] on its merits" and "got the law wrong." *Brown*, 2023 WL 6207762, at *19 (Friedland, J., concurring). "When an opinion by a three-judge panel resolves a legal claim and 'the case is called en banc on grounds that would correct the opinion but which were not raised before the original panel, the en banc panel [must be] . . . permitted, if not encouraged, to decide the case on the correct, unraised grounds.'" *Id.* (quoting *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1186 n.8 (9th Cir. 2001) (en banc), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc)). Were the rule otherwise, courts would find themselves in a bizarre bind. If a panel reached an

unraised issue and resolved it incorrectly, and the losing party then petitioned for rehearing en banc on that basis, a court would have two options. It could refuse to consider the question even then, thus allowing bad precedent to sit undisturbed. Or the court could vote to vacate the decision but find itself powerless to write a new, better opinion, even after all its judges expended significant time and energy to determine their view on the legal issue decided by the panel. For good reason, that is not the law.

**III. The University Will Not Suffer Irreparable Harm Absent a Stay**

The University does not argue that it will suffer irreparable harm absent a stay. This Court could deny the University's motion on that ground alone. *See Bricklayers Loc. 21 of Ill. Apprenticeship & Training Program v. Banner Restoration, Inc.*, 384 F.3d 911, 912 n.1 (7th Cir. 2004) (Ripple, J., in chambers) (explaining a motion to stay the mandate "could . . . be denied simply because it does not discuss the irreparable harm [the movant] would suffer if the stay were denied").

The University notes that, once the mandate issues, it will face the prospect of trial and, potentially, discovery. *See* ECF No. 109 at 4-5. But it rightly does not contend that litigating a case is an irreparable harm. *See, e.g.*, *Am. Axle & Mfg., Inc.*, 977 F.3d at 1381 ("Continued litigation . . . cannot be a irreparable injury."); *Nara*, 494 F.3d at 1133 (holding need to "prepar[e] to commence trial . . . while simultaneously filing a petition for *certiorari*" was not irreparable injury under Rule 41);

*United States v. Microsoft Corp.*, No. 00-5212, 2001 WL 931170, at *1 (D.C. Cir. Aug. 17, 2001) (per curiam) (denying motion to stay mandate under Rule 41 because movant "failed to demonstrate any substantial harm that would result from the reactivation of proceedings in the district court during the limited pendency of the certiorari petition"); *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) (holding, in context of preliminary injunction, that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury").

\* \* \*

The Court should deny the motion because the University has not met the three requirements of a stay of the mandate.

Dated:     October 12, 2023          Respectfully submitted,

/s/ Alexandra Z. Brodsky
Alexandra Z. Brodsky
Adele P. Kimmel
Mollie Berkowitz
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
abrodsky@publicjustice.net

Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
jimdavy@allriselaw.org

Isabel M. Humphrey
HUNTER, HUMPHREY & YAVITZ PLC
2633 E. Indian School Road
Suite 440
Phoenix, AZ 85016
isabel@hhylaw.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,786 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman font.

Dated: October 12, 2023  /s/ *Alexandra Z. Brodsky*
Alexandra Z. Brodsky
*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 12, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished using the appellate CM/ECF system.

Dated: October 12, 2023            */s/ Alexandra Z. Brodsky*
                                                                    Alexandra Z. Brodsky
                                                                    *Counsel for Plaintiff-Appellant*