Kristin K. Mayes
Arizona Attorney General

Claudia Acosta Collings
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson, AZ 85701-1315
(520) 638-2815
Claudia.Collings@azag.gov

Stephanie Elliott
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-8798
Stephanie.Elliott@azag.gov

Attorneys for Defendants-Appellees

# UNITED STATES COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| MACKENZIE BROWN,<br><br>  Plaintiff-Appellant,<br><br>v.<br><br>STATE OF ARIZONA, et al.,<br><br>  Defendants-Appellees. | No. 20-15568<br><br>United States District Court for the District of Arizona No. CV17-03536-PHX-GMS<br><br>**DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF MOTION FOR STAY OF MANDATE**<br><br>**Before Chief Judge Murguia and Judges Fletcher, Rawlinson, M. Smith, Nguyen, Owens, Friedland, R. Nelson, Lee, Koh, and Sung** |

  Because Brown presents no valid reason why this Court should not stay its mandate, the Court should grant the Defendants-Appellees' Motion.

  In opposing Appellees' request, Brown relies on cases discussing requests

that the United States Supreme Court issue *stays of execution*: *Barefoot v. Estelle*, 463 U.S. 880, 895-96 (1983), *White v. Florida*, 458 U.S. 1301, 1302 (1982), or *Netherland v. Tuggle*, 515 U.S. 951, 952 (1995). (Resp. at 1-2.) While these cases establish a high bar, they do not apply to the Appellees' motion. Federal Rule of Appellate Procedure 41(d) permits the Court to stay the issuance of the mandate pending the filing and disposition of a petition for writ of certiorari upon an applicant's showing "that the petition would present a substantial question and that there is good cause for such a stay." Fed. R. App. 41(d)(1). This Court "often" stays the mandate pending certiorari, and parties "need not demonstrate that exceptional circumstances justify a stay." *United States v. Pete*, 525 F.3d 844, 850 & n.9 (9th Cir. 2008) (quoting *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528–29 (9th Cir. 1989)).

Thus, contrary to Brown's argument (Resp. at 1-2), a movant does not have to demonstrate a reasonable probability that four members of the Supreme Court would consider the underlying issue to grant certiorari, or a significant possibility of reversal, or a likelihood of irreparable harm. Nothing in this Circuit's Rules or in the Circuit Advisory Committee Notes supports the standard that Brown seeks to impose, and her reliance on habeas corpus cases is inappropriate. Furthermore, *Pete* and *Bryant* demonstrate that this Court does not apply the standards that other circuits apply, such as *American Axle & Manufacturing, Inc. v. Neapco Holdings*

*LLC*, 977 F.3d 1379, 1380-81 (Fed. Cir. 2020), and *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007).

Brown's reliance on *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997), is misplaced because in denying the stay request there, this Court noted that a stay "would be tantamount to extending the preliminary injunction entered by the district court," which it had already held rested on an erroneous legal premise. There is no injunction here, and a stay of the mandate would potentially benefit all parties because it would prevent the possible waste of time and effort preparing for a trial that might never occur.

Brown does not dispute that the Court created a substantial question by deviating from the plain text of Title IX and expanding *Davis ex rel. LaShonda D. v. Monroe County Board of Educ*ation, 526 U.S. 629, 645 (1999), in holding that control over the context can be demonstrated by a "heightened level of control and disciplinary power" over the harasser. Brown has not cited any other case that so holds or that so conflates the two control prongs. And it should not be forgotten that at least five Judges on this court—the panel majority and the dissenting Judges here—disagree with the en banc majority's ruling. This, in and of itself, demonstrates that this is a substantial issue for the Supreme Court to resolve.

Nor does Brown dispute that she never raised this so-called "alternative argument" on which the en banc Court based its holding, at least not until her

3

supplemental en banc briefing, *after* she had specifically *disclaimed* the argument both in the district court and before the original panel. Indeed, her alternative argument "entered the equation only because the dissenting judge on the original panel interjected it on his own." (Slip Op. at 76 [Nelson, R., dissenting].) Brown cites no precedent supporting the notion that a party who affirmatively disclaimed—i.e., waived—an argument may be rescued by having a dissenting judge interject it into the case. (*See id.* at 73.) This departure from the principles of judicial neutrality and party presentation also presents a substantial issue for the Supreme Court, especially given its recent rejection of this Court's similar action in *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020).

Not only have Appellees plainly shown that their certiorari petition would present two substantial questions, good cause for a stay also exists. Rather than assert that good cause does not exist to stay the mandate, Brown argues that Appellees would not suffer irreparable harm. (Resp. at 7-8.) But a showing of irreparable harm is not required. *See Pete*, 525 F.3d at 851 n.9; *Bryant v. Ford Motor Co.*, 886 F.2d at 1528–29. Brown cites no case holding that it is. The Court should therefore reject her arguments.

Appellees therefore respectfully request that this Court grant their Motion and stay the mandate for sufficient time to allow them to seek certiorari from the Supreme Court.

Respectfully submitted this 19th day of October, 2023.

Arizona Attorney General's Office

/s/ Claudia Acosta Collings
Claudia Acosta Collings
Stephanie Elliott
Assistant Attorneys General
Attorneys for Defendants-Appellees

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 19, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: s/S. Franz
11604663— LMS17-0459//G201720685-1